UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JUAN C. DELGADO,

      Petitioner,

v.                                                          CASE NO. 6:14-cv-631-Orl-31TBS

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.

_____

**ORDER**

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. 1).   Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. 11). Petitioner filed a reply to the response (Doc. 17).

Petitioner alleges three claims for relief in his habeas petition. However, as discussed hereinafter, the Court finds the petition is untimely filed.

**I.     PROCEDURAL HISTORY**

Petitioner was charged with one count of robbery with a deadly weapon (Doc. 13 at 53). The State filed a notice of its intent to seek a prison releasee reoffender ("PRR"), habitual felony offender ("HFO"), or violent career criminal ("VCC") sentence. *Id.* at 50-51; Doc. 13-1 at 50. After a jury trial, Petitioner was convicted of the lesser included offense of robbery with a weapon (Doc. 13-1 at 47). The trial court sentenced Petitioner to

a term of life imprisonment with a thirty-year minimum mandatory term of imprisonment as a PRR and VCC (Doc. Nos. 13-3 at 10-16; 13-4 at 112-14). Petitioner appealed, and appellate counsel filed an *Anders*[1] brief and moved to withdraw from the case (Doc. 13-4 at 118-35). The Fifth District Court of Appeal ("Fifth DCA") affirmed *per curiam* on February 9, 2010. *Id.* at 137.

On December 19, 2010,[2] Petitioner file a motion for post-conviction relief pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure (Doc. Nos. 13-7 at 65-71; 13-8 at 1-5). Petitioner moved to voluntarily dismiss the motion, and on January 24, 2011, the trial court granted the motion (Doc. 13-8 at 8). On April 11, 2011, Petitioner filed a second Rule 3.850 motion for post-conviction relief (Doc. Nos. 13-4 at 141-43; 13-5 at 1-22). The trial court summarily denied the motion (Doc. 13-5 at 24-27). Petitioner appealed, and the Fifth DCA affirmed *per curiam*. *Id.* at 43. Mandate issued on August 24, 2011. *Id.* at 44.

On August 8, 2011, Petitioner filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel with the Fifth DCA. *Id.* at 46-55. The Fifth DCA denied the petition without discussion on October 6, 2011 (Doc. 13-6 at 34). Petitioner also

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] This is the filing date under the "mailbox rule." *See Thompson v. State*, 761 So. 2d 324, 326 (Fla. 2000) ("[W]e will presume that a legal document submitted by an inmate is timely filed if it contains a certificate of service showing that the pleading was placed in the hands of the prison or jail officials for mailing on a particular date, if that the [sic] pleading would be timely filed if it had been received and file-stamped by the Court on that particular date.").

filed a Rule 3.800(a) motion to correct illegal sentence on August 1, 2011 *Id.* at 36-43. The trial court summarily denied Petitioner's motion, and the Fifth DCA affirmed *per curiam* on November 1, 2011. *Id.* at 44-58. Mandate issued on November 23, 2011. *Id.* at 59.

Petitioner filed another Rule 3.850 motion on January 30, 2012 (Doc. Nos. 13-6 at 78-88; 13-7 at 1-4). The trial court dismissed the motion as successive on February 7, 2012 (Doc. 13-7 at 18-19). Petitioner did not appeal. On June 26, 2013, Petitioner filed a petition for belated appeal with the Fifth DCA (Doc. 13-6 at 61-75). The Fifth DCA granted the petition, and affirmed *per curiam* on November 12, 2013 (Doc. 13-7 at 29). Mandate issued on January 15, 2014. *Id.* at 30.

While Petitioner's appeal was pending, he filed a "Petition for Permission to File Amended 3.850 Motion for Post-Conviction Relief" on August 21, 2013. *Id.* at 32-36. In that motion he sought leave to amend his April 2011 Rule 3.850 motion. *Id.* The trial court denied the motion on August 26, 2013. *Id.* at 38.

Petitioner filed a "Motion to Clarify and Vacate Sentence Imposed" on September 4, 2013. *Id.* at 40-46. The trial court dismissed the motion on September 10, 2013, concluding the motion was a successive Rule 3.850 motion. *Id.* at 49-50. Petitioner moved for reconsideration, and the motion was denied on September 23, 2013. *Id.* at 52-56.

On October 1, 2013, Petitioner file a petition for writ of certiorari with the Fifth DCA, which was treated as a notice of appeal. *Id.* at 58-61. The Fifth DCA affirmed *per curiam*, and mandate issued on January 16, 2014. *Id.* at 63. Petitioner filed his federal habeas petition on April 17, 2014 (Doc. 1).

3

## II.     TIMELINESS OF THE PETITION

Pursuant to 28 U.S.C. § 2244:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of --

   (A)     the date on which the judgment became final by the consideration of direct review or the expiration of the time for seeking such review;

   (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

   (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D)     the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

28 U.S.C. § 2244(d).

In the present case, the state appellate court entered its *per curiam* affirmance on February 9, 2010. Petitioner's conviction became final ninety days later, or on May 10, 2010. *See* Sup. Ct. R. 13(3). Thus, under § 2244(d)(1)(A), Petitioner had through May 10, 2011, absent any tolling, to file a federal habeas petition.

4

Under § 2244(d)(2), the one-year period would be tolled during the pendency of any "properly filed" state post-conviction proceedings. Petitioner filed his first Rule 3.850 motion on December 19, 2010. A total of 223 days of the one-year limitations period elapsed before Petitioner filed this motion. The limitations period was tolled from December 19, 2010, through January 24, 2011, the date the trial court dismissed the motion. Petitioner had 142 days of the one-year limitations period remaining to file his federal habeas petition.

The next properly filed state post-conviction proceeding was Petitioner's second Rule 3.850 motion filed on April 11, 2011. Prior to filing this motion, 77 additional days of the one-year period elapsed. The limitations period was tolled from April 11, 2011, through August 24, 2011, the date the mandate issued on appeal. Petitioner had 65 days remaining in which to file his federal habeas petition.

Petitioner filed his Rule 3.800(a) motion on August 1, 2011, while his Rule 3.850 appeal was pending. The limitations period was further tolled from August 24, 2011, through November 23, 2011, the date the mandate issued on appeal from the denial of that motion.[3] Petitioner had until January 23, 2012, to file his federal habeas petition. The federal habeas petition filed on April 17, 2014, is therefore untimely.

The Court is aware that Petitioner filed additional post-conviction motions in the

---

[3] Petitioner's state habeas petition, filed on August 8, 2011 and denied on October 6, 2011, had no effect on the one-year limitations period because it was denied prior to the November 23, 2011 mandate.

5

state court. However, because the one-year period expired before Petitioner initiated those actions, the tolling provision of section 2244(d)(2) does not apply. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing after the federal habeas filing deadline does not revive it"); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

### III.    EQUITABLE TOLLING

To overcome his untimely filing, Petitioner contends that he is entitled to equitable tolling (Doc. 17 at 1). In support of this argument, Petitioner states that he was deprived of his legal documents from October 29, 2010 through mid-December 2010, and he is entitled to tolling of the limitations period for those 45 days. *Id.* at 2-3.

In *Holland v. Florida*, 560 U.S. 631, 649 (2010), the Supreme Court of the United States held that a petitioner is entitled to equitable tolling only if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." (quoting *Pace v. Diguglielmo*, 544 U.S. 408, 418 (2005)).   A habeas petitioner must show that there is a causal connection between the extraordinary circumstance and the late filing of the petition.   *San Martin v. McNeil*, 663 F.3d 1257, 1267 (11th Cir. 2011).   Additionally, the diligence required is "reasonable diligence," not "maximum feasible diligence." *Id.* (citation omitted).

A petitioner's lack of legal documents is not considered an extraordinary

6

circumstance that would excuse an untimely habeas petition. *See Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007). Therefore, the Court concludes Petitioner has not demonstrated that equitable tolling of one-year limitations period is warranted. [4] Accordingly, the untimely petition will not be excused.

Petitioner has neither alleged nor shown that equitable tolling of the limitations period is warranted. Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year limitations period and that are not specifically addressed herein have been found to be without merit.

## IV.  CERTIFICATE OF APPEALABILITY

A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1); *Harbison v. Bell*, 556 U.S. 180 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of

---

[4] Even if the Court tolled the limitations period from October 29, 2010, through December 19, 2010, the federal habeas petition still is untimely. The limitations period ran from February 7, 2012, the date the trial court dismissed Petitioner's third Rule 3.850 motion until June 26, 2013, the date he filed a petition for belated appeal. Although Petitioner was later granted a belated appeal, the 502 days prior to the filing of the petition for belated appeal were not tolled because nothing was pending during that period for purposes of § 2244(d)(2). *See McMillan v. Sec'y for Dep't of Corr.*, 257 F. App'x 249, 252-53 (11th Cir. 2007) (concluding that the petitioner was not entitled to tolling of the time from the date his Rule 3.850 motion was denied until he file a petition for belated appeal).

the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).   Petitioner has not made the requisite showing in these circumstances.   The Court will deny Petitioner a certificate of appealability.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      The Petition for Writ of Habeas Corpus filed by Juan C. Delgado (Doc. 1) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2.      Petitioner is **DENIED** a certificate of appealability.

3.      The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida, this 30th day of September, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 9/30
Counsel of Record
Juan C. Delgado

8